CARL BURNELL, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

66 N. W. 2d 838

Filed November 19, 1954. No. 33598.

*William N. Jamieson,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The plaintiff in error was convicted of the crime of burglary and was adjudged to be confined in the Nebraska State Reformatory. He seeks escape from the effect of the conviction and sentence by these proceedings. The charge made in the information is that Carl Burnell, designated herein defendant, willfully, maliciously, and forcibly August 31, 1953, in Douglas County, broke into and entered a building leased and occupied by Safeway Stores, a corporation, with intent to steal property of value contrary to the laws of Nebraska.

There is evidence of the following matters: The defendant and his wife were in the Sam Flax Bar in Omaha near Twenty-fourth and Hamilton Streets on the evening of August 31, 1953. It was a place where persons of the nationality of defendant and his wife congregated in the evening and indulged in drinking beer. It was patronized to capacity. There were about 50 persons there at the time. Defendant and his wife had been there approximately half an hour when Arthur Germaine, also known as "Stoop Down" and herein

designated Germaine, and Oscar Howard, who is hereafter identified as Howard, arrived at the Sam Flax Bar. It was then about 10 p. m. Defendant had known Germaine and Howard for approximately 2 months and he met and talked with them there that night. The duration of their conversation was about 3 minutes. The substance of it was that Germaine asked defendant if he would go with him and Howard to South Omaha to get some fish sandwiches at the place of Joe Tess at Twenty-fourth and U Streets and to "pick up some money" that was there for Germaine. Germaine had a panel truck and he told defendant that he did not know how to operate it; that Howard was too drunk to drive; and that they wanted defendant to go with them to drive the truck. There was no mention by either of them to the defendant or in his presence of anything concerning the breaking into or robbing the Safeway Store on Twenty-fourth Street in South Omaha. The inducement offered defendant to make the trip and operate the truck was that Germaine and Howard would "buy something to drink," get an order of fish at Joe Tess' fish house for the wife of defendant, and they would bring him back to Omaha. The defendant left his wife at the Sam Flax Bar and told her he would return in about half an hour.

Germaine, Howard, and defendant traveled in the truck driven by him from the bar where they first met to Twenty-fourth and Cuming Streets. A bottle of wine was purchased there. They then proceeded to South Omaha and when they were in front of the police station, less than a block from the Safeway Store, Howard told defendant "to pull up by the Safeway and we would take a drink." The defendant drove there and stopped the truck in front of the store. This was at Twenty-fourth and P Streets. The Joe Tess fish house was at Twenty-fourth and U Streets. Defendant did not drive or go to the fish store at any time that night. He did not get out of the truck for a time after it was stopped

at the store. He remained in the truck in the driver's seat behind the steering wheel. Germaine and Howard left the truck and proceeded to the front of the store. Howard cut the glass in the window to the right of the store door. Germaine broke out the glass with his foot and entered the store through the hole made in the glass. He was putting cartons of cigarettes in a box when he looked up and saw the police coming to the store. It was then about 10:45 p. m. The police found Germaine in the store, Howard outside the building near its southeast corner, and defendant in front of the truck near the right front fender. The three men were arrested and they and the merchandise Germaine had secured from the store were taken to the police station in South Omaha. The defendant stayed in the truck in front of the store, saw the glass cut by Howard and kicked out by Germaine, and saw him enter the store without making inquiry, protest, or objection. As the police were coming to the store the defendant jumped from the truck and "headed across the street to catch the bus to come over here (to Omaha)." When he got to the corner he was apprehended by the police and detained.

The issue in the case is the sufficiency of the evidence to sustain the verdict. The charge made against the defendant is that he willfully, maliciously, and forcibly broke into and entered a building leased and occupied by Safeway Stores with intent to steal property of value. § 28-532, R. R. S. 1943. There is no proof that defendant broke into or entered the building described for any purpose. Such proof is not necessary. There is evidence tending to establish he aided and abetted others to break into and enter the building in which the store was conducted with intent to steal property of value contained therein. This is sufficient. The rule is stated in Smith v. State, 153 Neb. 308, 44 N. W. 2d 497: "The same rule as to the information, conduct of the case, and punishment applicable to a principal in fact governs his aider,

abettor, or procurer, and no additional facts are required to be set out in the information against the latter than are necessary against the principal."

The guilt or innocence of the defendant of the charge made against him was, under the circumstances of this case, a matter for the jury to decide. It was a question of fact and not of law. The credibility of the witnesses and the weight of the evidence were for the jury to consider and determine and its conclusion may not be disturbed by this court unless clearly wrong. Sall v. State, 157 Neb. 688, 61 N. W. 2d 256. It cannot be said that the verdict in this case was clearly wrong.

The sentence and judgment of the district court should be and they are affirmed.

AFFIRMED.